IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Maurice Wigfall, #258402,<br><br>    Petitioner,<br><br>vs.<br><br>~~Jasper County~~,<br>Warden Neana W. Staley,<br>~~State of South Carolina~~,<br><br>    Respondents. | C/A No. 8:15-4317-TMC-JDA<br><br>**REPORT AND RECOMMENDATION** |

  Kenneth Maurice Wigfall ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner is a prisoner committed to the South Carolina Department of Corrections ("SCDC"), and, at the time he filed this action, he was incarcerated at Manning Correctional Institution. He seeks to overturn his state criminal conviction. The Petition is subject to summary dismissal.

## **BACKGROUND**

  Petitioner filed this § 2254 habeas action on or about October 21 2015, while he was incarcerated at Manning Correctional Institution. [Doc. 1.] He seeks to vacate his 1999 state conviction of manslaughter entered in the Jasper County Court of General Sessions. [*Id.*] He seems to contend that, in his state PCR action, the court granted him post conviction relief and ruled that he should have a new trial. [*Id.*] He attaches a copy of that

2003 state circuit court order to the Petition.[1] [Doc. 1-1.] Petitioner requests immediate release from prison. [Doc. 1.]

This Court takes judicial notice that in 2006 Petitioner filed a habeas action pursuant to 28 U.S.C. § 2254 in this Court seeking to overturn the same state conviction.[2] *See* Report and Recommendation, *Wigfall v. Burtt*, C/A No. 2:06-1750-HFF-RSC (D.S.C. Oct. 16, 2006), ECF No. 18, *adopted by*, Order (D.S.C. Dec. 28, 2006), ECF No. 22, *appeal dismissed by*, (4th Cir. June 27, 2007), ECF No. 27. This Court granted summary judgment to Respondent. *Id.*

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[1] In a prior Report and Recommendation, this Court stated that the Supreme Court of South Carolina on May 8, 2006, reversed the grant of post conviction relief. *See* Report and Recommendation, *Wigfall v. Burtt*, C/A No. 2:06-1750-HFF-RSC (D.S.C. Oct. 16, 2006), ECF No. 18, *adopted by*, Order (D.S.C. Dec. 28, 2006), ECF No. 22, *appeal dismissed by*, (4th Cir. June 27, 2007), ECF No. 27.

[2] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651 ... (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted).  The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A).  A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(c); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

This action qualifies as a second or successive § 2254 action because Petitioner's first § 2254 action filed in this Court in 2006 pertaining to the same conviction was decided on the merits.  *See Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely).  Section 28 U.S.C. § 2244(b)(2) provides that in some circumstances a petitioner may bring a second or successive § 2254 action.  That statute permits a court of appeals to determine whether to authorize a successive petition.  Thus, the United States Court of Appeals for the Fourth Circuit—not this District Court—is the proper tribunal to decide whether to authorize a successive § 2254.  *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003).  Because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition, this Court does not have jurisdiction to consider it.  *Id.*

## **RECOMMENDATION**

Accordingly, it is recommended that this action be dismissed without prejudice and without requiring the Respondent to file an answer or return.  **Petitioner's attention is directed to the important notice on the next page.**


December 11, 2015                                            S/Jacquelyn D. Austin
Greenville, South Carolina                                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).