IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Maurice Wigfall, ) | |
| ) | Civil Action No. 8:15-4317-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Neana W. Staley, ) | |
| ) | |
| Respondent. ) | |

Petitioner Kenneth Maurice Wigfall, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the petition without prejudice and without requiring Respondent to file an answer or return. (ECF No. 14.) Petitioner was advised of his right to file objections to the Report. (ECF No. 14 at 6). Petitioner timely filed objections. (ECF No. 23).

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

In her Report, the magistrate judge found that this habeas petition was a second or successive § 2254 petition, and she recommended that the petition be dismissed because Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file a successive petition. (Report at 4). In his objections, Petitioner does not address the magistrate judge's findings or recommendation. Rather, he addresses the merits of his petition. The court agrees with the magistrate judge and finds this habeas petition is successive, and Petitioner must obtain authorization from the Fourth Circuit Court of Appeals before this court can consider the merits of the petition. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *see also* 28 U.S.C. § 2244(b)(3). Without such authorization, a district court lacks jurisdiction to review a successive petition. *Winestock*, 340 F.3d at 205.

Accordingly, after a thorough review, the court finds no clear error and, therefore, adopts the Report and incorporates it herein by reference. Therefore, the habeas petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer or return.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed

to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

January 29, 2016  
Anderson, South Carolina